FILED
2024 Apr-10 PM 05:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| **GLORIA MCQUEEN and JEREMY MCQUEEN,** as parents and next friends of their deceased son **Jackson Harris McQueen,** 1086 Dunsmore Drive Chelsea, Alabama 35243     Plaintiffs, v. **BOARD OF EDUCATION OF SHELBY COUNTY, ALABAMA** 410 East College Street Columbiana, Alabama 35051 and **DR. LEWIS BROOKS,** as an individual and in his Capacity as the Superintendent of the Shelby County Board of Education; and **DR. BRANDON TURNER,** as an individual and in his Capacity as the Principal of Chelsea High School; and **BRENTON MCCALEB,** as an individual and in his Capacity as the Assistant Principal of Chelsea High School; and **JESSICA PICKETT,** as an individual and in her Capacity as the Assistant Principal of Chelsea High School; and **KADRIAN DELAINE,** as an individual and in her Capacity as a Counselor at Chelsea High School; and **MR. WILSON,** as an individual and in his capacity as a bus driver for Chelsea High School; and **JENNIFER VANOEKEL,** as an individual and in her capacity as a teacher; and **PERRY LAWLEY,** as an individual and in his | CASE NO. _____ |

| | |
|---|---|
| capacity as a teacher; and | ) |
| | ) |
| **ASHLEY FIELDS**, as an individual and in her capacity as a school nurse; and | ) ) ) |
| | ) |
| **DAVID BOBO**, as an individual and in his capacity as President of the Board of Education of Shelby County, Alabama; and | ) ) ) ) |
| | ) |
| **PEG HILL**, as an individual and in her capacity as Vice President of the Board of Education of Shelby County, Alabama; and | ) ) ) ) |
| | ) |
| **JIMMY BICE**, as an individual and in his capacity as a member of the Board of Education of Shelby County, Alabama; and | ) ) ) ) |
| | ) |
| **BRIAN BOATMAN**, as an individual and in his capacity as a member of the Board of Education of Shelby County, Alabama; and | ) ) ) ) |
| | ) |
| **AMBER POLK**, as an individual and in her capacity as President of the Board of Education of Shelby County, Alabama; and | ) ) ) ) |
| | ) |
| Fictitious Party Defendants "A" and "B", | ) |
| | ) |
| Defendants. | ) |

# AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Gloria McQueen and Jeremy McQueen, as parents and next friends of their deceased son Jackson Harris McQueen (DOB: 03-14-2007), pursuant to §6-5-390, Code of Alabama (1975), and in support of this Complaint against the Board of Education of Shelby County, Alabama, upon the grounds set forth herein, and in support thereof, state as follows:

2

PARTIES

1. The Plaintiffs Gloria McQueen and Jeremy McQueen are married United States citizens, residing for many years in Shelby County, Alabama, and they are the natural and biological parents of Jackson Harris McQueen, deceased (hereinafter referred to as "Jackson").

2. The Board of Education of Shelby County, Alabama (hereinafter referred to as "Defendant" or as "Shelby County BOE") is an entity located and operating in Shelby County, Alabama which is subject to suit under several Federal codes, acts and regulations of the United States, including "42 U.S.C. §1983", the "Family Educational Rights and Privacy Act (FERPA)" and "Title 2 of the American's With Disabilities Act of 1990".

3. Fictitious Party Defendant A is any person, firm, corporation, or other legal entity that worked for or with the named Defendants, and whom or which shared responsibility for safeguarding and supervising Jackson at school or during the school day, as more fully set out below, whose true identities are presently unknown but who will be added by amendment when ascertained.

4. Fictitious Party Defendant B is any person, firm, corporation, or other legal entity that worked for or with the named Defendants, and whom or which shared responsibility for identifying and preventing bullying and abuse of students by other students at school or during the school day, as more fully set out below, whose true identity is presently unknown but who will be added by amendment when ascertained.

**FACTUAL BACKGROUND**

5. Jackson McQueen was a student in the Shelby County, Alabama school system for six years, beginning with fourth grade during the 2016-2017 academic year at Chelsea Park Elementary.

6. Jackson completed fourth and fifth grades at Chelsea Park Elementary and moved on to Chelsea Middle School where he completed sixth, seventh and eighth grades. Jackson's last year attending Shelby County schools was the 2021-2022 academic year during which Jackson was a ninth grade student at Chelsea High School.

7. Jackson died by suicide on April 9, 2022. He had just turned fifteen (15) years old a few weeks prior.

8. Throughout his six years in the Shelby County school system Jackson was relentlessly bullied, teased and abused by other students. These incidents occurred at school, during extracurricular activities, during after school hours, on the school bus, and in his neighborhood.

9. Upon information and belief, Jackson's mental disabilities, namely his autism spectrum disorder, was the primary basis for the cruel treatment Jackson received from his fellow students.

10. Jackson's mental health issues and vulnerabilities were well known to the Defendants, and the Plaintiffs engaged in constant correspondence seeking help with these issues from Defendants throughout the six years Jackson attended Shelby County schools.

11. Plaintiffs' requests for help were never addressed, and at times were ignored. Plaintiffs were given a variety of assurances that something was being done, including statements that incidents of bullying and abuse were being looked into, that video was being reviewed, that other teachers were being engaged to address the student perpetrators, among

4

other false claims. In the end, nothing was done by the Defendants to address the bullying and abuse of Jackson, and nothing was done to prevent further bullying and abuse, even after the Plaintiff's countless efforts to elicit help from Defendants.

12. The Defendants have a fundamental obligation to protect the children who attend Shelby County schools, particularly from threats of harm posed by other participants in the school system, whether that be employees of the school system or other students.

13. Plaintiffs relief upon Defendants to not only educate Jackson, but also to protect him to their utmost ability, and Defendants failed repeatedly over many years to meet this obligation and duty.

14. This Complaint seeks to address Defendants failures to protect and care for Jackson McQueen during his time as a student in Shelby County schools, and asks for a finding that Defendants are responsible for Jackson McQueen's untimely death at his own hand, by virtue of allowing the existence of an environment in Shelby County schools where bullying and abuse of students by other students is tolerated, and where pleas for help addressing bullying and abuse are ignored.

15. The Plaintiffs bring this action pursuant to "42 U.S.C. §1983", the "Family Educational Rights and Privacy Act (FERPA)" and "Title 2 of the American's With Disabilities Act of 1990" among others.

16. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to the "United States Code" and the "Code of Federal Regulations". Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States.

17. Venue is appropriate in this District pursuant to the "United States Code" and

the "Code of Federal Regulations" because the facts giving rise to the circumstances herein occurred in the Northern District of Alabama, and the parties to this matter reside in, or operate in the Northern District of Alabama, Southern Division.

## **GENERAL ALLEGATIONS**

18. Jackson McQueen's suicide on April 9, 2022 was upon information and belief the direct consequence of years of him being bullied and abused by his fellow students in the Shelby County school system.

19. The definition of bullying adopted by most psychologists is "physical or verbal abuse, repeated over time, and involving a power imbalance." The U.S. Department of Health and Human Services (HHS) has adopted a similar definition of bullying on its website, www.stopbullying.com. According to HHS, bullying is "unwanted, aggressive behavior among school aged children that involves a real or perceived power imbalance" and "is repeated, or has the potential to be repeated, over time." In simple terms, bullying involves one child (or group) lording it over another child, over and over again, to humiliate, scare or isolate the child. "Bullying" is not garden-variety teasing or a two-way conflict involving peers with equal power or social status. Nor is it the "drama" that is typical of teenagers' ordinary interpersonal conflicts. Interpersonal conflicts and "drama" among equal peers is a normal rite of childhood passage. Bullying, properly defined, is not. HHS, in accordance with educational research, identifies three types of peer bullying suffered by school aged children:

> A. Verbal bullying, which includes teasing, name-calling, inappropriate sexual comments, taunting, threatening to cause harm, and social or "relational" bullying, which involves hurting someone's reputation or relationships;

      B.      Social bullying, which include excluding someone on purpose, telling other children not to be friends with someone, spreading rumors about someone and embarrassing someone in public;

      C.      Physical bullying, which involves hurting a person's body or possessions. Physical bullying includes hitting, kicking and pinching, spitting, tripping and pushing; taking or breaking someone's things and making mean or rude hand gestures.

School bullying is not limited to bullying that happens during school hours in a school building. It can occur after hours, during extracurricular activities. It can also occur in other places, such as on the playground, athletic fields or the bus, when traveling to or from school. *See Public Justice Anti-Bullying Campaign, AdeleKimmel.*

20. Jackson McQueen was bullied and abused by many different students across the years he attended Shelby County Schools, with the majority of the bullying and abuse occurring in his middle school years and his one year of high school at Chelsea High School.

21. The bullying and abuse Jackson endured included nearly every variation and example contained in the definition of bullying included in paragraph nineteen above. Jackson was cursed at and threatened, he was physically hit and pushed on a regular basis, and he was socially isolated, repeatedly told by other students that nobody liked him due to his mental illness, that everyone hated him, that he did not exist, etc.

22. As referenced above in paragraph nineteen, Jackson's bullying and abuse occurred as noted in various situations and environments, including at the school, in class, in the hallways, on the school bus, and during extracurricular activities such as the school band practices.

## COUNT I   -   WRONGFUL DEATH

23. The Plaintiffs incorporate and restate each and every paragraph set forth above

as though more fully set forth herein.

24. The Defendants failed to supervise Jackson and his classmates after being put on notice that Jackson was being harassed, abused and bullied over the course of several years.

25. Defendant had a duty to keep its students safe, and Jackson's suicide by bullying indicates a clear failure by Defendants to satisfy this duty in this case.

26. Defendant failed to effectively intervene, stop or prevent the bullying and abuse, in spite of having the means to do so.

27. Defendant was aware of harassment, bullying and abuse of other students prior to the reported abuse and bullying of Jackson, and bullying and abuse of students remains a problem in the Shelby County school system. Upon information and belief Jackson is not the only student in this school system who has committed suicide due at least in part to bullying.

28. Defendant catastrophically failed Jackson by neglecting its duty to protect him and safeguard him from bullying and abuse, leading to his emotional distress, shame, humiliation and embarrassment that ultimately caused him to take his own life.

WHEREFORE, the above premises considered, Plaintiffs demand judgment against Defendant, for punitive damages pursuant to Alabama's Wrongful Death Statute, and Title II of the American's with Disabilities Act of 1990, in a sum in excess of this Court's minimum jurisdictional amount, plus the costs of this action.

### COUNT II   -   NEGLIGENCE AND WANTONNESS

29. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

30. Defendant was negligent or wanton in one or more of the following ways:

a. Defendant acted in bad faith and was grossly negligent by forcing Jackson to endure bullying that caused him trauma associated with isolation and public embarrassment;

b. Defendant sanctioned Jackson via in school suspension for conduct that was the result of his disability, knowing that this was cruel and would intensify Jackson's stress and mental health symptoms;

31. Defendant was otherwise negligent or wanton in ways that are at this time unknown to Plaintiffs, but will be alleged following discovery.

32. The negligence or wantonness of Defendant proximately caused the death by suicide of Jackson McQueen.

WHEREFORE, the above premises considered, Plaintiffs demand judgment against Defendant, for punitive damages pursuant to Alabama's Wrongful Death Statute, and Title II of the American's with Disabilities Act of 1990, in a sum in excess of this Court's minimum jurisdictional amount, plus the costs of this action.

## COUNT THREE - DISCRIMINATION

33. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

34. This is a claim to redress unlawful discrimination on the basis of §504 of the Rehabilitation Act of 1973, which prohibits discrimination on the basis of a disability, along with Title II of the American's with Disabilities Act of 1990.

35. School districts in violations of the Civil Rights statutes and US Department of Education's Implementing regulations when peer bullying based on race, color, natural origin, sex or disability is sufficiently serious where it creates a hostile environment with such

9

harassment is encouraged, not adequately addressed or ignored by school employee and administration.

WHEREFORE, the above premises considered, Plaintiffs demand judgment against Defendant, for punitive damages pursuant to Alabama's Wrongful Death Statute, and Title II of the American's with Disabilities Act of 1990, in a sum in excess of this Court's minimum jurisdictional amount, plus the costs of this action.

## COUNT FOUR – EQUAL PROTECTION

36. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

37. Defendant is in violation of 42 USC §1983 for violations of a student's Constitutional Right to equal treatment under the 14th Amendment of the Equal Protection Clause and the Students right to substantive due process under the Amendments Due Process Clause.

38. The Defendants had knowledge of discrimination against Jackson and failed to act and take appropriate action to prevent harm from occurring to him. They also failed to reasonably accommodate and further denied Jackson with the ability to do remote learning which he desperately requested in the days prior to him taking his life. Had such accommodations been met, Jackson could have avoided any further harassment and bullying by the other students thus preventing him from taking his own life.

WHEREFORE, the above premises considered, Plaintiffs demand judgment against Defendant, for punitive damages pursuant to Alabama's Wrongful Death Statute, and Title II of the American's with Disabilities Act of 1990, in a sum in excess of this Court's minimum jurisdictional amount, plus the costs of this action.

Respectfully submitted this 9th day of April, 2024.

/s/ *Jessica Buggé*
Jessica Buggé
Attorney for Plaintiff

**OF COUNSEL:**
Jessica Bugge (BUG-003)
Law Firm of Jessica Bugge, LLC
1442 Montgomery Highway, Suite 100
Birmingham, Alabama 35216
Telephone:  (205) 677-6878
Facsimile: (205) 336-7646

**Plaintiffs' Address:**
**Gloria McQueen and Jeremy McQueen**
**1086 Dunsmore Drive**
**Chelsea, Alabama 35243**

**JURY DEMAND**

 Plaintiffs hereby demands a trial by struck jury.

/s/ Jessica Bugge
Jessica Bugge (BUG-003)
Attorney for the Plaintiffs

**PLEASE PREPARE THE SUMMONS AND COMPLAINT**
**FOR SERVICE BY PROCESS SERVER UPON DEFENDANT**
**SHELBY COUNTY BOARD OF EDUCATION AT THE FOLLOWING ADDRESS:**