UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL MCQUEEN et al., } | |
| Plaintiffs, } | |
| v. } | Case No.: 2:24-cv-00448-RDP |
| SHELBY COUNTY BOARD OF } EDUCATION et al., } | |
| Defendants. } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Plaintiffs' Amended Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure to Set Aside Order Dismissing Case and Motion for Leave to File Fourth Amended Complaint. (Doc. # 28). For the reasons discussed further below, this Motion (Doc. # 28) is due to be denied.

**I.   Background**

The court previously dismissed this case because (1) Plaintiffs did not respond to the court's Show Cause Order, (2) the Third Amended Complaint was a shotgun pleading, (3) the official capacity claims against the Board Employee Defendants were duplicative and unnecessary, (4) the doctrine of sovereign immunity bars state law claims against agencies of the state such as school boards, (5) the Individual Defendants have qualified immunity, and (6) each claim was non-viable or inadequately pleaded. (*See* Docs. # 22, 23). Plaintiffs filed a Motion to Set Aside Judgment (Doc. # 24) explaining that Plaintiffs' counsel had missed the deadline for responding to the pending Motions to Dismiss in this case (Docs. # 19, 20), as well as the court's Show Cause Order (Doc. # 21) because she was off work for multiple days due to her children's sicknesses, as

well as her own illness, and because Plaintiffs' counsel typically practices in state court. (Doc. # 24 ¶¶ 3, 5).

The court construed Plaintiffs' Motion (Doc. # 24) as a Motion to Set Aside under Rule 60(b) and denied it without prejudice because, although the Motion did not meet the standard of Rule 60(b), the court wanted to "ensure that it gets this right." (Doc. # 25 at 3). The court therefore granted Plaintiffs leave to file a renewed motion that:

> if filed, must: (1) cite applicable case law that shows that Plaintiffs' failure to respond to the Motions to Dismiss and the court's Show Cause Order could constitute excusable neglect; (2) cite case law showing why granting such a Motion would not prejudice Defendants; and (3) present a meritorious defense or argument that might have affected the outcome of the motions to dismiss (i.e., explain why Plaintiffs believe the court erred in dismissing Plaintiffs' Complaint).

(Doc. # 25 at 3-4).

Plaintiffs filed an Amended Motion to Set Aside, arguing that the order dismissing this case should be set aside under Rule 59 because they wished to file a Fourth Amended Complaint that would only allege claims against the Board, and that these claims would be limited to discrimination under Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act of 1973 ("Section 504"), due process violations, and equal protection violations. (Doc. # 28 ¶ 4). The Motion also avers (without citing to any specific allegations) that the prior complaints in this case "include a sufficient factual basis" to support these limited claims. (*Id.* ¶¶ 5-6). The Motion also describes (again without citing any specific allegations) how the previous complaints included allegations that support claims under Title II and Section 504. (*Id.* ¶¶ 11-14, 17, 20-21, 23-24, 34, 37). The court is unable to decipher any viable arguments in Plaintiffs' Motion based on the proposed due process and equal protection claims.

Below, the court evaluates the arguments presented in favor of reconsideration under the standard of review for Rule 59(e).

**II.   Standard of Review**

Rule 59(e)[1] allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ. P. 59(e); *Serrano v. United States*, 411 F. App'x. 253, 254 (11th Cir. 2011). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert. denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co. v. SKF USA, Inc.*, 2022 WL 1082395, at *1 (N.D. Ala. Feb. 1, 2022) (quoting *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).

**III.   Analysis**

Plaintiffs do not present any newly-discovered evidence. Therefore, they must establish why the court's dismissal was a manifest error of law. Plaintiffs have not established this, and the

---

[1] Although the court initially construed Plaintiffs' Motion to Set Aside (Doc. # 24) as a motion under Rule 60, the court will assess the instant Motion (Doc. # 28) under the standard for Rule 59(e) because Plaintiffs have specified this in the title of the Motion. (*Id.* at 1).

court again concludes that its dismissal was not in error. Moreover, Plaintiffs are not due to be granted leave to file a Fourth Amended Complaint because the case is not due to be reinstated.

      **A.**      **Title II and Section 504 Claims**

A manifest error amounts to "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co.*, 2022 WL 1082395, at *1 (quoting *Barcliff, LLC*, 2016 WL 10894490, at *9). Plaintiffs appear to argue that this court committed manifest error in dismissing their Third Amended Complaint because prior complaints in this case "include a sufficient factual basis" to support claims under Title II of the ADA, Section 504, the due process clause, and the equal protection clause. (Doc. # 28 ¶¶ 5-6). Plaintiffs describe factual allegations (without citing them specifically) to support the claims under Title II and Section 504. (*Id.* ¶¶ 11-14, 17, 20-21, 23-24, 34, 37). They do not appear to do so for the due process and equal protection clause claims.

Because Plaintiffs do not cite to any of their allegations, the court has combed through the Third Amended Complaint once again to attempt to trace which factual allegations that Plaintiffs argue support their Title II and Section 504 claims. These could include the following allegations: J.M. was bullied cruelly and relentlessly at school, after school hours, and on the school bus (Doc. # 16 ¶ 9); this was reported to or known by teachers, the school bus driver, students, administrators, principals, a school counselor, and a school nurse (*id.* ¶¶ 17, 23, 39, 42, 51, 58, 66, 70-71, 75, 77, 83-85, 89-91, 95); bullying was reported in IEP meetings (although there are no allegations that the Board Defendants Bobo, Hill, and Bice attended any IEP meetings) (*id.* ¶¶ 19, 85); this information was reported to superiors or higher ups (*id.* ¶¶ 69, 78); this was widely known by every Defendant (*id.* ¶¶ 17, 23); nothing was done to effectively help J.M. (*e.g., id.* ¶¶ 17, 39, 61, 71, 78, 84); and as a result, J.M. took his own life. (*Id.* ¶ 11).

These are tragic allegations, and the court empathizes with any parent who witnessed their child endure such cruelty and whose child took his own life. However, particularly post-dismissal, these allegations do not demonstrate how the court's earlier dismissal was in error – and certainly not manifest error. To allege discrimination under Section 504 and Title II, Plaintiffs must, at minimum, have adequately pleaded that the Board was an "appropriate person" who "knew about the harassment." *Moore v. Chilton Cnty. Bd. of Educ.*, 1 F. Supp. 3d 1281, 1298 (M.D. Ala. 2019) (quoting *Williams v. Bd. of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1293 (11th Cir. 2007) (in turn quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998))). Although Plaintiffs allege that various people working in the Shelby County school system knew about the bullying, they do not allege that the *Board* knew. Because the Board would be the only Defendant in Plaintiffs' proposed Fourth Amended Complaint, to be liable for discrimination under Title II or Section 504, there must be specific allegations that the Board knew about the bullying.

Although the Third Amended Complaint asserted that the bullying of J.M. was widely known, these allegations do not contain enough details to present a plausible allegation that the Board knew. There was, therefore, no manifest error (and, indeed, any error at all) in dismissing these claims. Under the standard of review for a motion to dismiss, a complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that it must contain more than "a formulaic recitation of the elements of a cause of action" and "naked assertion[s]." *Id.* at 555, 557. The Third Amended Complaint asserts without further detail that "it was widely known that [J.M.] had issues with teachers and other students" (Doc. # 16 ¶ 17), and that "every Defendant in this case knew about [J.M.'s] vulnerability to abuse." (*Id.* ¶ 23). That pleading also asserted (as noted above) that Plaintiffs had reported bullying to various teachers, administrators, principals, and other school

5

employees, and that upon information and belief, some of those employees would have reported this to their superiors. Not once does the Third Amended Complaint assert that the *Board* (not simply unspecified superiors or higher-ups) was informed about any report, that the Board was present at any meeting in which J.M.'s bullying was discussed, or that Plaintiffs reported any bullying incidents directly to the Board.

With nothing more than what appear to be formulaic or bare assertions that the Board would have known about the bullying, these allegations are not plausible. And, without plausible allegations that the Board knew about the bullying, the Third Amended Complaint failed to state a claim upon which relief can be granted under Title II and Section 504. Therefore, the court's dismissal was not in error, and certainly was not manifest error such that it warrants reinstatement of the case under Rule 59(e).

>    **B.**    **Due Process and Equal Protection Claims**

Separately, the court cannot decipher any arguments in Plaintiffs' Motion (Doc. # 28) regarding why the court's dismissal of the due process and equal protection claims was error – much less manifest error. These claims were evaluated on their merits in the Memorandum Opinion. (Doc. # 22 at 12-14). Regarding Plaintiffs' claim that Defendants breached their duty to protect J.M., the court noted that the affirmative duty to protect is only imposed in "certain limited circumstances." *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989). These include "when the state affirmatively acts to restrain an individual's freedom to act on his own behalf." *Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 569 (11th Cir. 1997). "Compulsory school attendance laws alone are not a 'restraint of personal liberty' sufficient to give rise to an affirmative duty of protection." *Id.* (citing *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 654 (1995)). Because this case involved a student who committed suicide outside of school hours allegedly due

6

to events or omissions at school, there was no duty to protect under the due process clause, at least based on the pleadings in this case. Plaintiffs have not alleged any error of law in this reasoning, and therefore, the court again concludes that it was correct.

Regarding Plaintiffs' claim that Defendants denied J.M. equal protection under the laws, the court noted that a plaintiff asserting a class of one claim must show that an individual was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiffs did not allege that J.M. was similarly situated to any other student who was treated differently. Therefore, they did not sufficiently plead a class of one claim. The court also noted that to assert a general equal protection claim, Plaintiffs must have shown that J.M. was a member of a protected category or that he was denied a fundamental right. Plaintiffs did not allege that J.M. was a member of a protected class, such as race, color, or nationality. Plaintiffs also did not allege denial of a fundamental right, as there is no fundamental right to be protected at school, nor is there one to receive an accommodation for remote learning. Further, Plaintiffs did not allege that Defendants' actions failed rational basis review. Finally, in their instant Motion (Doc. # 28) Plaintiffs alleged no specific error of law in the court's equal protection clause analysis. The court concludes that its analysis was not in error, and certainly was not manifest error that warrants altering its judgment of dismissal.

## IV.    Conclusion

Plaintiffs' Motion (Doc. # 28) does not meet the standard required under Rule 59(e) to alter or amend a judgment. Plaintiffs' Motion (Doc. # 28) is therefore **DENIED WITH PREJUDICE**.

**DONE** and **ORDERED** this February 10, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE